UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| KEVIN R. TUMEY, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 4:12-cv-0092-TWP-TAB |
| ) | |
| TRESSA CULLEN, ) | |
| ) | |
| Defendant. ) | |

**Entry Dismissing Action for Lack of Jurisdiction**

In response to the court's direction to explain whether and how his claims could proceed in this case, the plaintiff has alleged that he has been denied a fair process and hearing in the state courts of Indiana and Kentucky. He therefore requests this court to hear this case.

Although the plaintiff has made a valiant effort to show that this court has subject matter jurisdiction, the court finds otherwise. The plaintiff lives in New Albany, Indiana. He has named a single defendant, Tressa Cullen, the mother of his children, who resides in Louisville, Kentucky. He alleges that Ms. Cullen has filed and been granted false and meritless emergency protective orders against him in Indiana and in Kentucky. He seeks damages in the amount of $5,000,000 for damage to his reputation and loss of wages.

The plaintiff wishes to present court records and a CD of a Kentucky court hearing to prove that Ms. Cullen's allegations against him in the state courts were

false. He wishes to challenge orders in the courts of Indiana and Kentucky.

The court lacks jurisdiction over the plaintiff's complaint for two reasons: 1) the court lacks jurisdiction over domestic relations matters, *Ankenbrandt v. Richards,* 504 U.S. 689, 703 (1992) (reaffirming the "domestic relations exception" to exercising diversity jurisdiction and noted that this exception "divests the federal courts of power to issue divorce, alimony, and child custody decrees"); and 2) the *Rooker–Feldman* doctrine, *see generally Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983), "deprives federal courts of subject matter jurisdiction where a party, dissatisfied with a result in state court, sues in federal court seeking to set aside the state-court judgment and requesting a remedy for an injury caused by that judgment." *Johnson v. Orr,* 551 F.3d 564, 568 (7th Cir. 2008).

When it is determined that a court lacks jurisdiction, its only course of action is to announce that fact and dismiss the case. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998).

Accordingly, the action must be dismissed for lack of jurisdiction. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 12/18/2012 _____

_(signature)_
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

**Distribution:**

**Kevin R. Tumey, Sr.**
**317 McArthur Drive**
**New Albany, IN 47150**